IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. : | |
| d/b/a IOU FINANCIAL, INC. : | |
| : | |
| Plaintiff, : | |
| vs. : | CASE NO.: 1:20-cv-02064 (CAP) |
| : | |
| CHARLTON ENTERPRISES, INC. : | |
| D/B/A CHARLTON MOTORS, : | |
| GARY ALAN CHARLTON, : | |
| PAUL A. BOSCO, JR, : | |
| P.A. BROKERS, LLC d/b/a : | |
| PUBLIC AUTO BROKERS, : | |
| BOSCO AUTO GROUP a/k/a : | |
| BOSCO AUTO DEALERSHIP, : | |
| STONE HILL FM, LLC, : | |
| : | |
| Defendants. : | |

**CONSENT MOTION TO DISMISS CASE WITHOUT PREJUDICE BY PLAINTIFF IOU AND DEFENDANTS PAUL A. BOSCO, P.A. BROKERS, LLC D/B/A PUBLIC AUTO BROKERS, BOSCO AUTO GROUP A/K/A BOSCO AUTO DEALERSHIP, STONE HILL FM, LLC.**

Per Fed. R. Civ. P. 41 (a) (2), IOU moves to dismiss this action by <u>consent</u> of four Defendants, Paul A. Bosco Jr., P.A Brokers, LLC, d/b/a Public Auto Brokers, Bosco Auto Group a/k/a Bosco Auto Dealership, Stone Hill Auto, LLC.

1. On 9/20/19, IOU filed this action serving all Defendants. [Doc 10-14]

2. Four Defendants appeared in this action, Paul Bosco, P.A. Brokers LLC d/b/a Public Auto Brokers, Bosco Auto Group a/k/a Bosco Auto Dealership and Stone Hill LLC, as shown by the docket. [Doc 19-24] [Bosco Defendants]

3. Per Fed. R. Civ. P. 12, no defendant raised the defense of venue in this action which was transferred *sua-sponte*. [Doc 27]

4. Charlton Enterprises is bankrupt, per E.D. Tex Bankruptcy Case No. 19-43074, to which this action is stayed and cannot proceed per 11 U.S.C. § 362.

5. Defendant Gary Charlton <u>never</u> appeared in this action.

6. IOU is resolving the issues with the Bosco Defendants requiring their removal from this action, such as their consent to the Amended Complaint, which would have named Gary Charlton and joined two new defendants, but was stricken by the Court, which will not permit amendment. [Doc 40]

7. IOU and the Bosco Defendants, the <u>sole</u> parties appearing, request the Court <u>voluntarily dismiss</u> this action <u>without prejudice</u> per Fed. R. Civ. P. 41 (a)(2), <u>vacating all orders in this action</u>, [Doc 26, 34, 36, 40] with the appearing parties <u>bearing their own costs and fees.</u>

8. Dismissal of this action will <u>not</u> prejudice any party as the <u>appearing</u> parties <u>consent</u> to dismissal to which the consent of Gary Charlton is not required.

9. A proposed Order is attached as **Exhibit 1.**

## **MEMORANDUM**

The Court is requested to take judicial notice of the record and these matters per Fed. R. Evid. 201. Under Fed. R. Civ. P. 41 (a) (2), IOU and the four appearing Bosco Defendants are entitled to dismissal of the action <u>*without*</u> conditions. "[I]n most cases, a voluntary dismissal should be granted *unless the defendant will suffer clear legal prejudice*, other then the mere prospect of a second lawsuit, as a result." **<u>Durham v. Fla. E. Coast,</u>** 385 F. 2d. 366, 368-369 (5th Cir. 1967) [reversed erroneous dismissal with prejudice under Fed. R. Civ. P. 41 (a)(2)] holding that

> "Courts exist to serve the parties, and not to serve themselves, or to present a record with respect to dispatch of business* * * For the court to consider expedition for its own sake 'regardless' of the litigants is to emphasize secondary considerations over primary." **<u>Alamance Industries v. Filene's</u>**, 291 F.2d 142, 146 (1st Cir. 1961) The crucial question to be determined is, would the defendant lose any substantial right by the dismissal. In exercising its discretion the court follows the traditional principle <u>that dismissal should be allowed unless the defendant will suffer some plain legal prejudice *other than the mere prospect of a second law suit*</u>." **<u>Id</u>** at 368 [emphasis added]

A second suit, such as to Gary Charlton or potential defendants is <u>*not*</u> a valid consideration for dismissal, whose consent is <u>*not*</u> required. **<u>White v. Alabama</u>**, 74 F.3d, 1058, 1073 (11th Cir. 1996) ["In this circuit, a decree that provides a remedy to some but not all parties cannot affect the rights of a <u>*dissenting*</u> party."] **<u>Id</u>** at 7076. (Black, J. specially concurring) ["Once a party *intervenes*, he becomes a full participant and entitled to have his claims litigated']

## CONCLUSION

Plaintiff IOU and the Bosco Defendants request that the Court <u>voluntarily dismiss</u> this action <u>without prejudice</u> per Fed. R. Civ. P. 41 (a)(2), <u>vacating all orders in this action</u>, with the parties <u>bearing their own costs and fees.</u>

This 19th day of August 2020.

        By:   <u>/s/Paul G. Wersant</u>
               Paul G. Wersant
               Georgia Bar No. 748341
               3245 Peachtree Parkway, Suite D-245
               Suwanee, Georgia 30024
               Telephone: (678) 894-5876
               Email: pwersant@gmail.com
               Attorney for Plaintiff
               File No. 118658

***CONSENTED TO BY:***

        <u>/s/ John Philip Fox</u>
        John Philip Fox
        Georgia Bar No. 272522
        Adams, Hemingway, Wilson and Rutledge, LLC
        Post Office Box 1956
        Macon, Georgia 31202
        Telephone (478) 254-4957
        Facsimile: (478) 746-8215
        johnfox@adamshemingway.com
        Attorney for Defendants Paul A. Bosco Jr. P.A Brokers, LLC, d/b/a Public Auto Brokers, Bosco Auto Group a/k/a Bosco Auto Dealership and Stone Hill Auto, LLC
        <u>[The Four Defendants Appearing in this Action]</u>

## CERTIFICATE OF COMPLIANCE

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point typeface.

## CERTIFICATE OF SERVICE

I certify a precise copy of this document was filed ECF, sending ECF notice to counsel of record on the below date.

This 19th day of August 2020.

> By: */s/Paul G. Wersant*
> Paul G. Wersant
> Georgia Bar No. 748341
> 3245 Peachtree Parkway, Suite D-245
> Suwanee, Georgia 30024
> Telephone: (678) 894-5876
> Email: pwersant@gmail.com
> Attorney for Plaintiff
> File No. 118658